**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LI JUN SONG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-71612

Agency No. A077-292-832

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Li Jun Song, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Song's motion to reopen where the motion was filed more than two years after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Song failed to establish materially changed circumstances arising in China to qualify for the regulatory exception to the time limitation for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales*, 501 F.3d 1128, 1132-33 (9th Cir. 2007) (documentation insufficient to establish changed circumstances); *see also Najmabadi*, 597 F.3d at 987 (requiring that evidence of changed country conditions "be 'qualitatively different' from the evidence presented at the previous hearing") (citation omitted).

Further, in light of our decision in *Song v. Holder*, No. 08-73864, 2010 WL 2354204 (9th Cir. June 11, 2010), we do not consider any challenge Song raises to the agency's underlying adverse credibility determination.

We also lack jurisdiction to consider Song's requests for cancellation of removal, adjustment of status, and humanitarian relief, because he did not present those requests to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.

2004) (this court lacks jurisdiction to review issues or claims not raised before the agency).

Finally, we deny Song's motions to not assign his case to a merits panel. We also deny Song's motion for oral argument.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**